IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES A. POLT,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES, et al.,<br><br>     Defendants. | Case No. 3:06-cv-00092-JWS<br><br>ORDER REGARDING<br>WAIVING THE FILING FEE<br>and PERMITTING<br><u>AMENDED COMPLAINT</u> |

     James A. Polt, representing himself, has filed a civil rights complaint, along with an application to waive the $250 filing fee in this case.[1] Because Mr. Polt did not provide full and complete financial information on his application, however, the application is deficient. Mr. Polt did not state whether he is receiving public assistance benefits in answer to question 5 on the application.[2] The Court must have full and complete information about a party's financial status to make a

---

   [1] *See* Docket Nos. 1, 3.

   [2] *See* Docket No. 3 at 2..

decision about fees, and it has developed a form to obtain all the information it needs.

Mr. Polt will be allowed to file a new application on the enclosed Court form. Mr. Polt is reminded to answer **all** questions on the application fully, completely and directly, or the application will be denied. If a question does not apply, answer "N/A"; otherwise answer "yes" or "no", check all applicable boxes, fill in all blanks, and provide complete information as requested. The form must be **signed** and **dated**.

Further, the Court must deny leave to waive fees "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."[3] As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[4] The Court is aware that in conducting its review, it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[5] Before a court may dismiss a self-represented plaintiff's complaint for failure to state a claim upon

---

[3] *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987); *see also* § 1915(e).

[4] *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

[5] *See Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) ("construing [pro se plaintiff's] inartful pleading liberally" and reversing § 1915 dismissal); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[6]

### Freedom of Religion and Marijuana

Mr. Polt brings his civil rights action under the Religious Freedom Restoration Act (RFRA),[7] complaining that the government is interfering with his religious freedom by enacting laws restricting the use of marijuana.[8] Under the RFRA, a "person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."[9] The Court recently explained that the Government must use "the least restrictive means of advancing a compelling

---

[6] *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

[7] 42 U.S.C. § 2000bb. In *City of Boerne v. Flores*, 521 U.S. 507, 516 (1997), the Supreme Court struck down RFRA's application to the states, but left open the possibility that RFRA still applied to the federal government. *See Guam v. Guerrero*, 290 F.3d 1210, 1219 (9th Cir. 2002) ("We have held, along with most other courts, that the Supreme Court invalidated the RFRA only as applied to state and local law."), citing *Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1120 (9th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001) (other citations omitted).

[8] *See* Docket No. 1 at 3.

[9] 42 U.S.C. § 2000bb-1(c).

interest," if it is going to burden the "sincere exercise of religion."[10]  Under RFRA, "the Federal Government may not, as a statutory matter, substantially burden a person's exercise of religion, 'even if the burden results from a rule of general applicability.'"[11]  However, Mr. Polt is cautioned that in order to use the RFRA in support of his "right" to use marijuana, that use must be in furtherance of a **sincere** exercise of religion.  In such a case, "the statute requires the Government to satisfy the compelling interest test-to 'demonstrat[e] that application of the burden to the person-(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'"[12]

Furthermore, the RFRA only applies to the federal government, and not the states or cities.[13]  Therefore, the State of Alaska and the City of Anchorage cannot be defendants in this action.

### Amending Complaint

---

[10] *Gonzalez v. O Centro Espirata Benificiente Uniao do Vegetal*, 126 S.Ct. 1211, 1216, 1217 (2006) (Under RFRA, the government lacks a compelling interest in preventing a small religion from using a hallucinogenic drug).

[11] *Id.* at 1217, quoting § 2000bb-1(a).

[12] Id., quoting quoting § 2000bb-1(b).

[13] *See City of Boerne v. Flores*, 521 U.S. 507 (1997).

Mr. Polt will be allowed to amend his complaint before service.[14] In the amended complaint, Mr. Polt must state, specifically, what defendant(s) did or did not do which he believes constitutes a legal wrong, and what specific relief he wants from the Court. Because Mr. Polt is alleging violations of his civil rights, the Court has attached a form to assist him in amending the complaint. In completing this civil rights form, Mr. Polt must carefully **follow** the **instructions** with the form. Mr. Polt must give **facts** in support of each claim. Mr. Polt should state the facts in his own words, as if he were **briefly** and **concisely** telling someone what happened. The facts must specifically allege how **each** defendant has harmed him, and must avoid stating conclusions. Last, Mr. Polt must then **sign** and **date** the complaint. Later, if his claims proceed before the Court on the merits, at the discretion of the Court, he may be given an opportunity to submit a brief on the issues in which he may more thoroughly argue his case.

Further, Mr. Polt should make no reference to the initial complaint or other extraneous (outside) documents. The Court cannot refer to a prior pleading in order to make the amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading.[15] This is because, as a

---

[14] *See also* FED. R. CIV. P. 15(a).

[15] *See* D.Ak.LR 15.1(2).

general rule, an amended complaint supersedes (takes the place of) the original complaint.[16]

**IT IS HEREBY ORDERED** that:

1. Mr. Polt's request to waive payment of fees, at docket number 3, is DENIED with leave to amend;

2. If Mr. Polt decides to proceed with this action in light of the above-described deficiencies, he shall file an amended application to waive the filing fee **on the enclosed form**, as explained in this Order, or pay the Court's $350.00 filing fee on, or before **June 1, 2006**; otherwise this action will be dismissed without further notice;

3. The Clerk of Court is directed to send form PS11, Application to Waive the Filing Fee, with instructions, to Mr. Polt with this Order;

4. If Mr. Polt decides to proceed with this action in light of the above-described deficiencies, he shall file an amended complaint **on the enclosed civil rights complaint form**, as explained in this Order, on or before **June 1, 2006**;

---

[16] *See Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original"); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

5. The Clerk of Court is directed to send form PS02, Complaint Under the Civil Rights Act, with instructions, to Mr. Polt with this Order;

6. In the alternative, Mr. Polt may file the enclosed notice of voluntary dismissal, without prejudice, on or before **June 1, 2006**;

7. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Polt with this Order;

8. Mr. Polt shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 5.1(b); and

9. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Polt with this Order.

DATED this 1st day of May, 2006, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge